IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 APR -9 P 4 56

| | |
|---|---|
| PHILIP L. TUCKER,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO.:<br>) |
| BENTELER AUTOMOTIVE ALABAMA, INC.,<br>    Defendant. | )<br>) |

3:07CV298-WHA

**DEMAND FOR JURY TRIAL**

**COMPLAINT**

1. The Plaintiff, Philip L. Tucker, hereby files this Complaint against the named Defendant. The Plaintiff resides at 112 North 14th Avenue, Lanett, Alabama 36863, and has resided there for more than six months. He is over the age of nineteen years.

2. The Defendant is Benteler Automotive Alabama, Inc. The principal office of the named Defendant is 1780 Pond Run, Auburn Hills, Michigan 48326.

3. The Defendant is in the automotive industry and conducts business in that regard in Opelika, Lee County, Alabama at Benteler Automotive, 4401 North Park Drive, Opelika, Alabama 36801. The Defendant employs approximately 200 individuals.

**JURISDICTION**

4. This action is brought pursuant to alleged violations of Title VII of the Civil Rights Act, as amended. Jurisdiction is founded upon 42 U.S.C. §§2000e, *et seq*.

**PARTIES**

5. The Plaintiff, Philip Tucker, ("Tucker"), is an African American male and is an employee of the Defendant in their

Opelika, Alabama plant. He was initially hired on 1 November 2005, as a temporary employee in the position of Quality Inspector. Tucker is currently a full-time employee of the company as Quality Inspector.

## FACTUAL ALLEGATIONS

6. The Plaintiff alleges that the Defendant has discriminated against him in its hiring process based upon his race. Tucker alleges that the Defendant, by and through members of management, while working in the line and scope of their employment for the Defendant, subjected him to denials without cause and has been targeted because of his race.

## COUNT I - RACIAL DISCRIMINATION

7. Tucker alleges that he applied for several positions that became open at the Defendant's plant in Opelika between November 2005 and June 2006. In each instance, the Defendant denied him the position, and instead, hired a person of the Caucasian race.

8. In November 2005, a white female secretary was promoted to the position of Human Resources Manager. The Plaintiff was more qualified for the position, however, the Defendant not only did not consider him for it, the Defendant did not allow him to even apply for the position.

9. Further, in November 2005, a position of Human Resources Associate (Generalist) position was open for hire. This time a white male was hired to fill the position. Again, the Plaintiff was qualified for the position, however, the Defendant did not

2

allow him to even apply for the position.

10. Still further, in January 2006, the Plaintiff attempted to apply for another Human Resources Associate (Generalist) position that posted as open on the internet. He was unable to apply online as posted. Upon contacting the Human Resource Director about he position, Tucker was told that he could not apply for the position because it was being placed on hold. Contrary to that, the Human Resource Manager informed Tucker that the position was open, along with numerous other positions.

11. In February 2006, a white male worker, without quality experience, was promoted over the Plaintiff as Tucker's supervisor. While serving as Lead Quality Inspector and as the only permanent employee in his area, the Plaintiff was moved from the first shift to the third shift when he complained to management about the lesser experienced worker being promoted over the Plaintiff. Tucker avers that none of the White employees, who were all non-permanent employees, were moved to the third shift.

12. Further still, in March 2006, when Tucker was finally allowed, he applied for a Quality Auditor position for which he was qualified. The Defendant hired a white male Machine Operator in the position. The person hired did not have any quality assurance experience.

13. The Plaintiff further avers that June 2006, three (3) Quality Auditor positions became open. He applied for two (2)

Quality Auditor positions. Tucker further avers that he was qualified for both positions. Instead of hiring him, the Defendant hired two (2) White welders in both positions, neither of whom had quality experience.

14. Plaintiff alleges that no white employee was ever treated the way he was treated in these instances as indicated above, and that in each instance, he was discriminated against because of his race.

15. The Plaintiff avers that he is a member of the African American race (Black), that he performs his job satisfactorily, that he has suffered denials, loss of additional benefits, and the loss of additional income, and that all of the circumstances involved in this matter give rise to an inference of discrimination.

16. Tucker further avers that the Defendant's conduct constitutes discrimination with respect to his race, and that its conduct was willful and reckless.

17. The Plaintiff avers that, among those who discriminated against him, are Alison Conti Stelmok, Human Resources Director, a white female, and, Phil Kenney, Operations Manager, a white male.

18. The Plaintiff avers that he filed charges with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct on or about the 7th day of September, 2006. That he has attached a copy of the Notice of

4

Right-to-Sue Letter issued by the Equal Employment Opportunity Commission on the 9th day of January, 2007. That said letter was received on or about the 11th day of January, 2007.

**WHEREFORE**, the Plaintiff demands the following relief:

A. Backpay;

B. Front Pay;

C. Actual, Compensatory, Liquidated and Punitive Damages;

D. Reasonable costs and expenses herein, including reasonable attorney's fees; and,

E. Any and all further relief that the Court deems necessary and proper to effect justice in this cause.

RESPECTFULLY SUBMITTED on this ____9th____ day of April, 2007.

/s/ Lateefah Muhammad
Lateefah Muhammad (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997
lateefahmuhammad@aol.com

The Plaintiff demands a trial by jury on all issues so triable.

/s/ Lateefah Muhammad
Lateefah Muhammad

**STATE OF ALABAMA** )
)
**MACON COUNTY** )

## VERIFICATION

Before me, a Notary Public in and for said County in said State, personally appeared, Philip L. Tucker, who, being first duly sworn, makes oath that he has read the foregoing Summons and Complaint in *Tucker v. Benteler Automotive Alabama, Inc.,* and knows the contents thereof, and that he, informed and believed, and upon such information and belief, averred that the facts alleged are true and correct to the best of his knowledge.

_____
Philip L. Tucker
112 North 14th Avenue
Lanett, Alabama 36863

SWORN TO AND SUBSCRIBED BEFORE ME this ____9th____ day of ____April____, 2007.

_____
Notary Public

Seal                My Commission expires: 12/03/08

_____
Lateefah Muhammad
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997
lateefahmuhammad@aol.com

EEOC Form 161 (10/96)           U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Phillip Tucker  
112 North 14th Avenue  
Lanett, Alabama 36863

From: Birmingham District Office  
1130 22nd Street, South  
Birmingham, Alabama 35205

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 05049 | Glenda M. Matthews, Investigator | (205) 212-2138 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Delner Franklin-Thomas, District Director

9 JAN 2007 *(Date Mailed)*

Enclosure(s)

cc: Janice Spears-Tuck  
2735 Office Park Circle  
Montgomery, Alabama 36116-1143

Peter J. Kok  
P. O. Box 306  
Grand Rapids, Michigan 49501-0306

**ATTACHMENT**

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Instructions for Issuing Form 161, Dismissal and Notice of Rights