IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PHILIP L. TUCKER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:07-CV-298-WHA |
| ) | |
| BENTELER AUTOMOTIVE ) | |
| ALABAMA, INC., ) | |
| ) | |
|     Defendant. ) | |

## DEFENDANT'S AMENDED ANSWER AND
## AMENDED AFFIRMATIVE AND OTHER DEFENSES

Defendant, Benteler Automotive Alabama, Inc., by its attorneys, answers Plaintiff's Complaint as follows:

1. Neither admitted nor denied for this Defendant is without sufficient information upon which to base an answer. In further answer, Defendant admits, upon information and belief, that Plaintiff is over the age of nineteen years.

2. Admitted.

3. Admitted that Defendant conducts business in Opelika, Lee County Alabama. In further answer, Defendant employees approximately 240 employees.

### JURISDICTION

4. The allegations contained within paragraph 4 of Plaintiff's Complaint call for a legal conclusion and thus no answer is required. Should an answer be required, the allegations are neither admitted nor denied for Defendant is without sufficient information upon which to base an answer.

## PARTIES

5. Admitted, upon information and belief, that Plaintiff is an African American male and an employee of Defendant at its Opelika plant. Defendant denies that Plaintiff was hired on November 1, 2005 as a temporary employee in the position of Quality Inspector. Plaintiff was hired on November 1, 2005 as a Machine Operator. The remaining allegations are denied as untrue.

## FACTUAL ALLEGATIONS

6. Denied as untrue.

## COUNT I – ALLEGED RACIAL DISCRIMINATION

7. Denied as untrue.

8. Admitted that a white female was promoted to the position of Human Resources Manager. The remaining allegations in paragraph 8 are denied as untrue.

9. Admitted that Defendant filled a Human Resources Generalist position in November 2005 and that the position was filled by a Caucasian male. The remaining allegations in paragraph 9 are denied as untrue.

10. Denied as untrue.

11. Denied as untrue.

12. Admitted that Plaintiff was one of multiple applicants for a job bid posted for Quality Auditors on or about late March 2006. The remaining allegations in paragraph 12 are denied as untrue.

13. Admitted that on or about June 19, 2006, Quality Auditor positions were posted. The remaining allegations in paragraph 13 are denied as untrue.

14. Denied as untrue.

15. Admitted, upon information and belief, that Plaintiff is African American. The remaining allegations in paragraph 15 of Plaintiff's Complaint are denied as untrue.

16. To the extent that the allegations contained within paragraph 16 of Plaintiff's Complaint call for a legal conclusion, no answer is required. All factual allegations in paragraph 16 are denied as untrue.

17. Denied as untrue.

18. Plaintiff's allegation that he filed charges with the Equal Employment Opportunity Commission on or about September 7, 2006 and that he received a letter from the EEOC on January 11, 2007 are neither admitted nor denied for Defendant is without sufficient information upon which to base an answer. Defendant admits that the EEOC issued a Dismissal and Notice of Rights letter dated January 9, 2007 because the EEOC, after its investigation, did not find reasonable cause that any covered statute was violated.

WHEREFORE, Defendant requests this cause of action be dismissed and awarded its costs, interest and attorney's fees as the Court may tax.

## **AMENDED AFFIRMATIVE AND OTHER DEFENSES**

Defendant states the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted and Defendant is entitled to judgment as a matter of law.

2. Plaintiff has failed to exhaust administrative remedies with respect to one or all of the claims set forth in the Complaint.

3. One or more of Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff has failed to exhaust internal grievance procedures.

  5. Plaintiff has failed to take all steps reasonably necessary to mitigate his alleged damages. Alternatively, Plaintiff has mitigated his alleged damages in whole or substantial part.

  6. Defendant reserves the right to assert additional affirmative defenses pending completion of discovery.

  7. Plaintiff has failed to state a claim for exemplary or punitive damages.

  8. Plaintiff's demand for punitive damages is subject to all standards and/or limitations regarding the determination and/or enforceability of punitive damages awards arising out of the case of *BMW of North America v. Gore*, 116 S.Ct. 1589 (1996).

  9. Plaintiff has failed to comply with all procedural and jurisdictional conditions for bringing suit under Title VII of the Civil Rights Act of 1964.

  10. Plaintiff suffered no adverse employment action sufficient to support a claim of race discrimination.

  11. Plaintiff cannot establish that race was causally connected to any adverse employment action by Defendant.

          /s/ *Theodore P. Bell.*
          Lee E. Bains, Jr. (BAI005)
          Peter S. Fruin (FRU002)
          Theodore P. Bell (BEL049)
          Attorneys for defendant, Benteler Automotive
          Alabama, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
(205) 254-1000

## CERTIFICATE OF SERVICE

    I hereby certify that on June 25, 2007, I electronically filed the foregoing Defendant's Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lateefah Muhammad
Lateefah Muhammad, PC
P. O. Box 1096
Tuskegee, AL 36087-1096

                                             */s/ Theodore P. Bell*
                                             OF COUNSEL