STATE OF ALABAMA
IN THE UNITED STATES DISTRICT COURT
*FOR THE MIDDLE DISTRICT OF ALABAMA*
EASTERN DIVISION

PHILIP L. TUCKER,

        Plaintiff,

vs.

BENTELER AUTOMOTIVE
ALABAMA, INC.,

        Defendant.

Case No. 3:07-CV-298-WHA

HONORABLE W. Harold Albritton, III
U. S. District Court Judge

---

| | |
|---|---|
| LATEEFAH MUHAMMAD<br>LATEEFAH MUHAMMAD, P.C.<br>Attorneys for Plaintiff<br>PO Box 1096<br>Tuskegee, AL 36087-1096<br>Telephone: 334-727-1997 | JENNIFER L. JORDAN<br>KEITH E. EASTLAND<br>**MILLER JOHNSON**<br>Attorneys for Defendant<br>Miller Johnson<br>250 Monroe, N.W., Suite 800<br>Grand Rapids, MI 49503<br>(616) 831-1700<br><br>PETER S. FRUIN<br>LEE E. BAINS, JR.<br>**MAYNARD COOPER & GALE, PC**<br>Attorneys for Defendant<br>1901 Sixth Avenue North<br>2400 AmSouth/Harbert Plaza<br>Birmingham, AL 35203<br>Telephone: 205-254-1068 |

---

## DEFENDANT'S CONTRIBUTION TO RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f), Defendant, Benteler Automotive Alabama, Inc.

("Benteler"), attempted to schedule a meeting or conference between counsel for the parties by

July 2, 2007.  Those efforts were unsuccessful.  As a result, this constitutes Defendant's contribution to the parties' Rule 26(f) report.

1.    <u>Pre-Discovery Disclosures</u>.  Defendant proposes that the parties will exchange by July 31, 2007, the information required by Rule 26(a)(1).

2.    <u>Discovery Plan</u>.  Defendant proposes to the Court the following discovery plan:

   A.    Discovery will be needed on the following subjects:

      i.   The allegations in the Complaint;

      ii.  The allegations in Defendant's Answer and Amended Defenses.

   B.    *Disclosure or Discovery of Electronically Stored Information*:  Defendant proposes that the parties provide the required initial disclosures regarding the category and location of ESI as required by Rule 26(a)(1) and should then meet and confer to determine a suitable electronic discovery plan.

   C.    *Claims of Prejudice or Work-Product Immunity After Production*:

   Defendant proposes that if either party is notified of, or discovers without notification, that it has received any inadvertently produced privileged information, communications or documents, that party will not read the documents, will immediately notify opposing counsel, and will either destroy or return the inadvertently produced materials.

   D.    Defendant proposes that all discovery commenced in time to be completed by January 31, 2008.

   E.    Defendant proposes that the parties should be bound by the limitations *upon written discovery set forth in the Federal Rules of Civil Procedure, unless additional discovery is agreed upon by the parties or ordered by the Court.  The presumptive time limits for*

depositions (one day of seven hours) should not be modified in this case except for the Plaintiff's deposition. Fed. R. Civ. P. 30(d)(2).

F.     Defendant proposes that reports from retained experts, if any, under Rule 26(a)(2) should be due:

        i.     By the Plaintiffs, 90 days before trial;

        ii.     By Defendant, 35 days after Plaintiffs' disclosures.

4.     <u>Other Items</u>.

A.     Defendant does not request a conference with the Court before entry of the scheduling order.

B.     Defendant requests a pre-trial conference on or around June 3, 2008.

C.     Defendant requests until July 17, 2007, to join additional parties or to otherwise amend the pleadings. Defendant proposes that a party shall have fourteen days (unless granted additional leave of Court) to respond to any amended pleadings.

D.     Defendant proposes that all dispositive motions should be filed no later than 90 days prior to the pretrial date.

E.     Defendant states that settlement is unlikely and cannot be evaluated prior to undertaking some initial discovery.

F.     Defendant proposes that Final lists of witnesses and exhibits under Rule 26(a)(3) should be due 30 days prior to trial.

G.     Defendant proposes that the parties should have 14 days after service of final lists of witnesses and exhibits to make objections under Rule 26(a)(3).

H.     Defendant anticipates that the case should be ready for trial by July 7, 2008, and at this time it is expected to take approximately 3 days.

Respectfully submitted this 3rd day of July 2007.


MILLER JOHNSON
Attorneys for Defendant, Benteler Automotive
Alabama, Inc.


Date:   July 3, 2007

/s/ Jennifer L. Jordan
Jennifer L. Jordan, admitted *pro hac vice*
250 Monroe Ave. N.W., Suite 800
P.O. Box 306
Grand Rapids, MI  49501-0306
(616) 831-1700


GR_DOCS 1200449v2

4