STATE OF ALABAMA
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PHILIP L. TUCKER,

        Plaintiff,                Case No. 3:07-CV-298-WHA

vs.                              HONORABLE W. Harold Albritton, III
                              U. S. District Court Judge

BENTELER AUTOMOTIVE
ALABAMA, INC.,

        Defendant.

---

## DEFENDANT'S CONTRIBUTION TO AMENDED RULE 26(f) REPORT

The parties have been unable to settle this matter as hoped. Defendant, Benteler Automotive Alabama, Inc., sent a letter containing an offer of settlement to Plaintiff's counsel on December 6, 2007. Defendant received no response to that offer until February 25, 2008. At that time, it became clear that settlement of the differences between the parties was highly unlikely.

Pursuant to this Court's Order of December 5, 2007, and Fed. R. Civ. P. 26(f), Defendant then attempted to confer with Plaintiff's counsel to prepare an amended planning report by March 4, 2008. Initial communications with Plaintiff's counsel (on February 28) revealed fundamental differences between the parties regarding a proposed discovery plan.

Defendant's proposed discovery plan complies with paragraph 8 of the parties' Joint Stipulation to Stay Proceedings for 90 Days, which was filed on December 4, 2007. That stipulation states:

1

> [T]he parties agree that judicial efficiency would be enhanced if the claims contained in Plaintiff's October 2, 2007 Charge of Discrimination were incorporated into this litigation, and agree to take all necessary steps to effectuate the same.

Based on this agreement, Defendant's proposed discovery plan provides that Plaintiff will immediately request a Right-to-Sue letter from the Equal Employment Opportunity Commission (EEOC) with respect to Plaintiff's October 2, 2007 Charge. The substance of that Charge is integrally related to the lawsuit pending before this Court, and judicial efficiency and the parties' resources will both be better preserved by litigating all of Plaintiff's claims together, in a single forum.

When counsel conferred on February 28th, however, Plaintiff's counsel indicated that her client now desires to allow the EEOC to conclude its investigation of his October Charge before it issues a Right to Sue letter. Defendant believes that this not likely to happen in time to allow Plaintiff to amend his Complaint and incorporate those allegations into the pending litigation, and is therefore unwilling to agree to this modification.

After counsel's communication on February 28th, additional and repeated efforts by the undersigned to connect with Plaintiff's counsel, resolve this dispute, and complete a joint Rule 26(f) Report have proved unsuccessful, and several messages have gone unreturned. Defendant respectfully submits that perhaps a conference call between the Court and both parties might be an expedient method for resolving this disagreement. In the interim, however, in order to ensure its compliance with this Court's December 5 Order, Defendant submits this, its contribution to an amended Rule 26(f) report.

1.    Discovery Plan.    Defendant proposes to the Court the following amended discovery plan:

A.      Plaintiff shall request a "Right to Sue" letter from the Equal Employment Opportunity Commission with respect to his October 2, 2007 EEOC Charge involving Defendant.  Plaintiff shall be given 30 days following the receipt of that "Right to Sue" notice to amend his Complaint to incorporate the allegations contained in his October 2, 2007 Charge. Defendant shall have another 30 days in which to respond to any amended Complaint filed by Plaintiff.

B.      Discovery will be needed on the following subjects:

i.  The allegations in the Amended Complaint; and/or

ii.  The allegations in Plaintiff's Charge dated October 2, 2007; and

iii.   The allegations in Defendant's Answer and Amended Defenses, as they may be further amended to respond to Plaintiff's Amended Complaint.

C.      Defendant proposes that all discovery be commenced in time to be completed no later than seven months after Plaintiff files his Amended Complaint.

D.      Defendant proposes that supplemental initial disclosures under Rule 26(a)(1) shall be made by both parties no later than 30 days after Defendant files its Answer to Plaintiff's Amended Complaint.

E.      Defendant proposes that Plaintiff shall disclose his lay and expert witnesses no later than 30 days after Defendant files its Answer to Plaintiff's Amended Complaint.  Defendant shall disclose its lay and expert witnesses no later than 60 days after it files its Answer to Plaintiff's Amended Complaint.

F.      Reports from retained experts, if any, under Rule 26(a)(2) should be due:

i.      By the Plaintiffs, 90 days before trial;

ii.     By Defendant, 35 days after Plaintiffs' disclosures.

2.    <u>Other Items</u>.

A.    Defendant proposes that all dispositive motions be filed no fewer than 30 days following the close of discovery.

B.    Defendant proposes that final lists of witnesses and exhibits under Rule 26(a)(3) should be due 30 days prior to trial.

C.    Defendant proposes that each party should have 14 days after service of final lists of witnesses and exhibits to make objections under Rule 26(a)(3).

D.    Defendant anticipates that the trial of this matter will take approximately five days.

E.    All other provisions of this Court's Uniform Scheduling Order, entered July 5, 2007, as amended on July 20, 2007 and on August 29, 2007, not affected by this Amended Report should remain in full force and effect.

Respectfully submitted this 4th day of March, 2008.

MILLER JOHNSON
Attorneys for Defendant, Benteler Automotive
Alabama, Inc.


Date:   March 4, 2008

/s/ Jennifer L. Jordan
Jennifer L. Jordan, admitted *pro hac vice*
Michigan Code P55832
250 Monroe Ave. N.W., Suite 800
P.O. Box 306
Grand Rapids, MI  49501-0306
(616) 831-1700