## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **PHILIP L. TUCKER,** | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) CIVIL ACTION NO.:3:07cv298-WHA |
| | ) |
| **BENTELER AUTOMOTIVE ALABAMA,** | ) |
|   **INC.,** | ) |
|     **Defendant.** | ) |

## AMENDED COMPLAINT

1. Pursuant to the Court's Revised Scheduling Order **(Doc. #34)**, the Plaintiff, Philip L. Tucker, hereby files this Amended Complaint against the named Defendant. Further, the Plaintiff re-alleges and re-avers each of the items and counts as provided in the Original Complaint, and incorporates by reference the previous Complaint filed with this Court on 9 April 2007.

## FACTUAL ALLEGATIONS

2. The Plaintiff alleges in this Amended Complaint that the Defendant has discriminated against him in its hiring process and in other ways because he filed a discrimination complaint against the Defendant. Tucker alleges that the Defendant, by and through members of management, while working in the line and scope of their employment for the Defendant, subjected him to denials without cause, retaliated against and harassed him because he filed a discrimination complaint against the Defendant.

## COUNT II – RACIAL DISCRIMINATION

3. The Plaintiff re-alleges and re-avers each of the items in Count I above as set out in the Original Complaint, and incorporates each by reference in this Count II.

4. Tucker alleges that he applied for several positions that became open at the Defendant's plant in Opelika between August 2007 and September 2007. The Defendant denied the Plaintiff the positions, and instead, hired and/or promoted persons of the Caucasian race. In some instances, Caucasians were given the opportunity to apply for the position without the position being posted in the plant as required by plant rules.

5. In August 2007, a white female temporary employee was given the opportunity to apply for the position of control document person after only having been with the Defendant's company for about three months. For about a year before the Defendant hired this white female, another employee and I had performed the duties of the position with the exception of computer information input. Neither of us were offered the opportunity to apply for the position. Matter of fact, the Defendant did not post the announcement of the position in the plant or on the internet to indicate that it was available. The Defendant promoted the white female into the position.

6. Again in August 2007, a white male employee was promoted into the position of production supervisor with the Defendant's BMW line. This white male employee had neither the qualifications specified in the job announcement nor did he have the requisite

2

experience. Matter of fact, he was initially hired as a general laborer without even a high school diploma. The Defendant promoted him to the position without posting the availability of the position on the internet or in the plant.

7. Still further, in September 2007, a white male employee was promoted from supervisor to quality engineer while he had none of the qualifications specified in the job announcement. The qualifications required a bachelor's degree in a related field, a minimum of two-to-three years manufacturing and quality engineering experience, including experience with TS 16949 and ISO requirement, knowledge of SPC, APQP and control plans. The Plaintiff applied for the position the month before and was never given a reason why he was not selected for even an interview let alone the position. The Plaintiff was more qualified for the position than the white male employee. The white male employee did not have a bachelor's degree, or the knowledge of ISO, SPC, APQP or control plans.

8. Because of the willful, gross and oppressive conduct of the Defendant, the Plaintiff claims punitive damages of the Defendant.

9. The Plaintiff demands judgment against the Defendant for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses, attorney's fees, interest and costs.

## COUNT III- RETALIATION

10. The Plaintiff re-alleges and re-avers each of the items in Counts I and II above as set out, and incorporates each by reference in this Count III.

11. In addition to the discriminatory conduct practiced by the Defendant against the Plaintiff ever since he filed his initial complaint of discrimination, the Plaintiff avers that each of the Defendant's acts of discrimination have been in retaliation against him because he filed his complaint of discrimination.

12. The Plaintiff further avers that he was forced to suffer unnecessary pain and agony due to an injury he sustained on the job when the Defendant refused him medical attention for over 24 hours. Further, the Defendant subjected the Plaintiff to having his photograph taken while he was on the job without his permission.

13. Further still, the Defendant's manager informed the plaintiff that he should be "sending out resumes because no matter what you apply for at Benteler, it's not going to happen for you because they have built up a hate for you and it's not going to get any better for you."

14. Still further, the Plaintiff alleges that the Defendant retaliated against him by denying him a pay increase when he should have received it. That the Defendant unlawfully held his pay increase for well over a year, causing the Plaintiff to lose benefits and income that belonged to be him. The Plaintiff was stripped of the pay increase by the Defendant and when he

inquired about it, the Plaintiff was told that "this is the way it is going to be."

15. Because of the willful, gross and oppressive conduct of the Defendant, the Plaintiff claims punitive damages of the Defendant.

16. The Plaintiff demands judgment against the Defendant for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses, attorney's fees, interest and costs.

## COUNT III – HARASSMENT

17. The Plaintiff re-alleges and re-avers each of the items in Counts I and II above as set out, and incorporates each by reference in this Count III.

18. The Plaintiff further avers that he has been subjected to harassment by the Defendant. On May 26, 2007, the Plaintiff was on the job when the plant manager was standing over him and said angrily, "Is your name Philip Tucker?" Tucker further avers that the manager told a supervisor in the Plaintiff's presence to get out of the building, that he did not want the Plaintiff in there. As the Plaintiff was preparing to leave, he inquired whether he could confer with the manager about the situation. The manager told Tucker that he knew about the legal issues that Tucker had against the plant and that he did not "give a damn." That he would "still fire you." When Tucker tried to explain his perspective, the manager told him he did not want to hear it.

That "you can't shit a bull shitter." Upon telling the manager that he was not trying to do that, the manager responded "if it looks like shit, and smells like shit, it probably is shit." The Plaintiff avers that the manager's comments were harassing, embarrassing, very offensive and unprofessional.

19. Because of the willful, gross and oppressive conduct of the Defendant, the Plaintiff claims punitive damages of the Defendant.

20. The Plaintiff demands judgment against the Defendant for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses, attorney's fees, interest and costs.

21. Plaintiff further alleges that no white employee was ever treated the way he was treated in these instances as indicated above, and that in each instance, he was discriminated against, retaliated against and harassed because he filed a complaint of discrimination against the Defendant.

22. The Plaintiff avers that he is a member of the African American race (Black), that he performs his job satisfactorily, that he has suffered denials, loss of additional benefits, and the loss of additional income, and that all of the circumstances involved in this matter that give rise to an inference of discrimination.

23. Tucker further avers that the Defendant's conduct constitutes discrimination, retaliation and harassment, and that its conduct

was willful and reckless.

24. The Plaintiff avers that, among those who discriminated and retaliated against and harassed him, are Alison Conti Stelmok, human resources director, a white female employee, Phil Kenney, operations manager, a white male employee, Vernon Steen, plant manager, a white male employee.

25. The Plaintiff avers that he filed charges with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct, including racial discrimination, retaliation and harassment, on or about the 2nd day of October, 2007. That he has attached a copy of the Notice of Right-to-Sue Letter issued by the Equal Employment Opportunity Commission, dated the 1st day of May, 2008. That said letter was received on or about the 5th day of May, 2008.

26. The Plaintiff has also verified this Amended Complaint as shown in the attachment.

**WHEREFORE**, the Plaintiff demands the following relief:

    A. Back pay;

    B. Front pay;

    C. Actual, Compensatory, Liquidated and Punitive Damages;

    D. Future pecuniary losses;

    E. Emotional pain and suffering;

    F. Inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

G. Reasonable costs and expenses herein, including reasonable attorney's fees; and,

H. Any and all further relief that the Court deems necessary and proper to effect justice in this cause.

*s/Lateefah Muhammad*
Lateefah Muhammad (*Ala. Code* MUH００1)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997 telephone/facsimile
lateefahmuhammad@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 2 June 2008, I electronically filed the foregoing Plaintiff's Amended Complaint with the Clerk of the Court and notification of such filing will be sent to the following: Jennifer L. Jordan, Esquire, attorney for Defendant.

*s/Lateefah Muhammad*
Lateefah Muhammad

# ATTACHMENT

## Verification of Philip Tucker

STATE OF ALABAMA )
)
MACON COUNTY )

### VERIFICATION

Before me, a Notary Public in and for said County in said State, personally appeared, Philip Tucker, who, being first duly sworn, makes oath that he has read the foregoing Amended Complaint in *Tucker v. Benteler Automotive, Inc.*, and knows the contents thereof, and that he, informed and believed, and upon such information and belief, averred that the facts alleged are true and correct to the best of his knowledge.

_____
Philip Tucker
330 Lee Road 175
Salem, Alabama 36874

SWORN TO AND SUBSCRIBED BEFORE ME this ____2nd____ day of _____June_____, 2008.

_____
Notary Public

My Commission expires: 12/03/08


_____
Lateefah Muhammad
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone/facsimile
lateefahmuhammad@aol.com

# ATTACHMENT

## Dismissal and Notice of Rights

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Philip Tucker<br>c/o Attorney Lateefa Muhammad<br>P. O. Box 1096<br>Tuskegee, AL 36087 | From: Birmingham District Office - 420<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2008-00118 | Glenn Todd, Investigator | (205) 212-2031 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Beverly B. Hinton for*
Delner Franklin-Thomas
District Director

Enclosure(s)

1 MAY 2008
*(Date Mailed)*

cc: **Jennifer L. Jordan**
**Attorney at Law**
**Miller Johnson**
**P. O. Box 306**
**Grand Rapids, MI 49501-0306**