## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| PHILIP L. TUCKER,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO.:3:07cv298–WHA |
| BENTELER AUTOMOTIVE ALABAMA,<br>  INC.,<br>    Defendant. | )<br>)<br>)<br>) |

### AMENDED COMPLAINT

1. Pursuant to the Court's Revised Scheduling Order **(Doc. #34)**, and the Court's Order requiring the Amended Complaint conform to M.D. Ala. LR 15.1 **(Doc. #36),** the Plaintiff hereby files this Amended Complaint against the named Defendant. The Plaintiff resides at 112 North 14th Avenue, Lanett, Alabama 36863, and has resided there for more than six months. He is over the age of nineteen years.

2. The Defendant is Benteler Automotive Alabama, Inc. The principal office of the named Defendant is 1780 Pond Run, Auburn Hills, Michigan 48326.

3. The Defendant is in the automotive industry and conducts business in that regard in Opelika, Lee County, Alabama at Benteler Automotive, 4401 North Park Drive, Opelika, Alabama 36801. The Defendant employs approximately 200 individuals.

### JURISDICTION

4. This action is brought pursuant to alleged violations of Title VII of the Civil Rights Act, as amended. Jurisdiction is founded upon 42 U.S.C. §§2000e, *et seq.*

## PARTIES

5. The Plaintiff, Philip Tucker, ("Tucker"), is an African American male and is an employee of the Defendant in their Opelika, Alabama plant.  He was initially hired on 1 November 2005, as a temporary employee in the position of Quality Inspector.  Tucker is currently a full-time employee of the company as Quality Inspector.  The Defendant, Benteler Automotive Alabama, Inc., ("Benteler"), is an auto industry employer that employs workers who build auto body parts for BMW and Mercedes Benz.  It opened its Opelika plant in 2004.

## FACTUAL ALLEGATIONS

6. Tucker alleges in this Amended Complaint that Benteler has discriminated against him in its hiring process and employment practices based upon his race.  He alleges that Benteler, by and through members of management, while working in the line and scope of their employment for the Defendant, subjected him to denials without cause and has been targeted because of his race. Tucker also alleges in this Amended Complaint that Benteler has discriminated against him its hiring process and employment practices because he filed a discrimination complaint against the Defendant.  Further, Tucker alleges that Benteler, by and through members of management, while working in the line and scope of their employment for Benteler, retaliated against and harassed him because he filed a discrimination complaint against Benteler.

2

## COUNT I – RACIAL DISCRIMINATION

7.    Tucker alleges that he applied for several positions that became open at the Defendant's plant in Opelika between November 2005 and June 2006.  In each instance, Benteler denied him the position, and instead, hired and/or promoted a White person.

8.    In November 2005, a white female secretary was promoted to the position of Human Resources Manager.  Tucker avers that he was more qualified for the position, however, Benteler not only did not consider him for it, the Defendant did not allow Tucker to even apply for the position.

9.    Further, in November 2005, a position of Human Resources Associate (Generalist) position was open for hire.  This time a white male was hired to fill the position.  Again, Tucker avers that he was qualified for the position, however, Benteler did not allow him to even apply for the position.

10.    Still further, in January 2006, Tucker submits that he attempted to apply for another Human Resources Associate (Generalist) position that posted as open on the internet.  He was unable to apply online as posted.  Upon contacting the Human Resource Director about the position, Tucker avers that he was told that he could not apply for the position because it was being placed on hold.  Contrary to that, Tucker submits that the Human Resource Manager informed him that the position was open, along with numerous other positions.

11.    In February 2006, a white male worker, without quality experience, was promoted over Tucker as Tucker's supervisor.

While serving as Lead Quality Inspector and as the only permanent employee in his area, Tucker was moved from the first shift to the third shift when he complained to management about the lesser experienced worker being promoted over him. Tucker avers that none of the White employees, who were all non-permanent employees, were moved to the third shift. Tucker avers that this is both discriminatory and retaliatory conduct by Benteler.

12. Further still, in March 2006, when Tucker was finally allowed, he applied for a Quality Auditor position for which he was qualified. Tucker avers that Benteler promoted a white male Machine Operator into the position. The person promoted did not have any quality assurance experience as did Tucker.

13. Tucker further avers that in June 2006, three (3) Quality Auditor positions became open. He applied for two (2) Quality Auditor positions. Tucker further avers that he was qualified for both positions. Instead of promoting him, Benteler promoted two (2) White welders in both positions, neither of whom had quality experience as did Tucker.

14. Because of the willful, gross and oppressive conduct of the Defendant, Tucker claims punitive damages of Benteler.

15. Tucker demands judgment against Benteler for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses, attorney's fees, interest and costs.

## COUNT II – RACIAL DISCRIMINATION

16. Tucker alleges that he applied for several positions that

4

became open at Benteler's plant in Opelika between August 2007 and September 2007.  Benteler denied Tucker the positions, and instead, hired and/or promoted persons of the Caucasian race.  In some instances, Caucasians were given the opportunity to apply for the position without the position being posted in the plant as required by plant rules.  In each instance, Tucker alleges that he was discriminated against because of his race and because he filed a discriminatory complaint with the Equal Employment Opportunity Commission on 7 September 2006 and this legal action alleging racial discrimination on 9 April 2007 against Benteler.

17.  In August 2007, a white female temporary employee was given the opportunity to apply for the position of control document person after only having been with Benteler for about three months.  For about a year before Benteler employed this white female as a temporary employee, Tucker contends that he and another permanent employee had performed the duties of the position with the exception of computer information input.  Neither of the two permanent employees were offered the opportunity to apply for the position.  Tucker contends Benteler did not post the announcement of the position in the plant or on the internet to indicate its availability.  Benteler hired the white female into the position.

18.  Again in August 2007, a white male employee was promoted into the position of production supervisor with Benteler's BMW line.  This white male employee had neither the qualifications specified in the job announcement nor did he have the requisite

experience.  Matter of fact, Tucker avers that the white male employee was initially hired as a general laborer without even a high school diploma.  Benteler promoted the white male employee to the position without posting the availability of the position on the internet or in the plant.

19.  Still further, in September 2007, Tucker avers that a white male employee was promoted from supervisor to quality engineer while he had none of the qualifications specified in the job announcement.  That the qualifications required a bachelor's degree in a related field, a minimum of two-to-three years manufacturing and quality engineering experience, including experience with TS 16949 and ISO requirement, knowledge of SPC, APQP and control plans.  Tucker avers that he applied for the position the month before and was never given a reason why he was not selected for even an interview let alone the position.  The Plaintiff avers that he was more qualified for the position than the white male employee.  Tucker further avers that the white male employee did not have a bachelor's degree, or the knowledge of ISO, SPC, APQP or control plans.

20.  Because of the willful, gross and oppressive conduct of the Defendant, Tucker claims punitive damages of Benteler.

21.  Tucker demands judgment against Benteler for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses, attorney's fees, interest and costs.

## COUNT III– RETALIATION

22.    In addition to the discriminatory conduct practiced by Benteler against Tucker after he filed his initial complaint of discrimination, the Plaintiff avers that each of Benteler's acts of discrimination since 7 September 2006 have been in retaliation against him because he filed his complaint of discrimination with the Equal Employment Opportunity Commission on that date. Further, Tucker avers that Benteler has retaliated against him because he filed this legal action alleging racial discrimination on 9 April 2007 against Benteler.

23.    Tucker alleges that he applied for several positions that became open at Benteler's plant in Opelika between August 2007 and September 2007.    Benteler denied Tucker the positions, and instead, hired and/or promoted persons of the Caucasian race.    In some instances, Caucasians were given the opportunity to apply for the position without the position being posted in the plant as required by plant rules.    In each instance, Tucker alleges that he was retaliated against because of his racial discrimination complaint against Benteler.

24.    In August 2007, a white female temporary employee was given the opportunity to apply for the position of control document person after only having been with Benteler for about three months.    For about a year before Benteler employed this white female as a temporary employee, Tucker contends that he and another permanent employee had performed the duties of the position with the exception of computer information input.

7

Neither of the two permanent employees were offered the opportunity to apply for the position. Tucker contends Benteler did not post the announcement of the position in the plant or on the internet to indicate its availability. Benteler hired the white female into the position.

25.   Again in August 2007, a white male employee was promoted into the position of production supervisor with Benteler's BMW line. This white male employee had neither the qualifications specified in the job announcement nor did he have the requisite experience. Matter of fact, Tucker avers that the white male employee was initially hired as a general laborer without even a high school diploma. Benteler promoted the white male employee to the position without posting the availability of the position on the internet or in the plant.

26.   Still further, in September 2007, a white male employee was promoted from supervisor to quality engineer while he had none of the qualifications specified in the job announcement. The qualifications required a bachelor's degree in a related field, a minimum of two-to-three years manufacturing and quality engineering experience, including experience with TS 16949 and ISO requirement, knowledge of SPC, APQP and control plans. Tucker avers that he applied for the position the month before and was never given a reason why he was not selected for even an interview let alone the position. The Plaintiff avers that he was more qualified for the position than the white male employee. Tucker further avers that the white male employee did not have a

bachelor's degree, or the knowledge of ISO, SPC, APQP or control plans.

27.    Tucker further avers that he was forced to suffer unnecessary pain, suffering and agony due to an injury he sustained on the job when the Defendant refused him medical attention for over 24 hours.  Further, Tucker avers that the Defendant subjected the Plaintiff to having his photograph taken while he was on the job without his permission.

28.    Further still, Tucker avers that his manager informed the Plaintiff that he should be "sending out resumes because no matter what you apply for at Benteler, it's not going to happen for you because they have built up a hate for you and it's not going to get any better for you."

29.    Still further, Tucker contends that Benteler retaliated against him by denying him a pay increase when he should have received it.  That Benteler unlawfully withheld his pay increase for well over a year, causing Tucker to lose benefits and income that lawfully belonged to be him.  Tucker avers that he was stripped of the pay increase by Benteler and when he inquired about it, that he was told that "this is the way it is going to be."

30.    Because of the willful, gross and oppressive conduct of the Defendant, Tucker claims punitive damages of Benteler.

31.    Tucker demands judgment against Benteler for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses,

attorney's fees, interest and costs.

## <u>COUNT IV — HARASSMENT</u>

32.   The Plaintiff further avers that he has been subjected to harassment by the Defendant.   On 26 May 2007, Tucker avers that he was on the job when the plant manager was standing over him and said angrily, "Is your name Philip Tucker?"   Tucker further avers that the manager told a supervisor in the Plaintiff's presence to get Tucker out of the building, that he did not want the Plaintiff in there.   As Tucker was preparing to leave, he inquired whether he could confer with the manager about the situation.   Tucker avers that the manager told him that he knew about the legal issues that Tucker had against the plant and that he did not "give a damn."   That he would "still fire you."   When Tucker tried to explain his perspective, Tucker avers that the manager told him he did not want to hear it.   That "you can't shit a bull shitter."   Upon telling the manager that he was not trying to do that, Tucker avers that the manager responded "if it looks like shit, and smells like shit, it probably is shit."   Tucker avers that the manager's comments were harassing, embarrassing, very offensive and unprofessional.

33.   Because of the willful, gross and oppressive conduct of the Defendant, Tucker claims punitive damages of Benteler.

34.   Tucker demands judgment against Benteler for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses, attorney's fees, interest and costs.

35.   Plaintiff further alleges that no white employee was ever treated the way he was treated in these instances as indicated above, and that in each instance as shown, he was discriminated against, retaliated against and harassed because of his race and because he filed a complaint of discrimination against Benteler.

36.   Tucker avers that he is a member of the African American race (Black), that he performs his job satisfactorily, that he has suffered denials, loss of additional benefits, and the loss of additional income, and that all of the circumstances involved in this matter that give rise to an inference of discrimination.

37. Tucker further avers that Benteler's conduct constitutes discrimination, retaliation and harassment, and that its conduct was willful and reckless.

38.   Tucker avers that, among those who discriminated and retaliated against and harassed him, are Alison Conti Stelmok, human resources director, a white female employee, Phil Kenney, operations manager, a white male employee, Vernon Steen, plant manager, a white male employee.

39. Tucker avers that he filed charges with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct, including racial discrimination, retaliation and harassment, on or about the 7th day of September, 2007 and again on or about the 2nd day of October, 2007.  That he has attached a copy of each of the Notices of Right-to-Sue Letter issued by the Equal Employment Opportunity Commission, dated the 9th day of January, 2007 and the 1st day of May, 2008,

respectively.   That said letters were received on or about the 11th day of January, 2007 and the 5th day of May, 2008, respectively.

40.   The Plaintiff has also verified this Amended Complaint as shown in the attachment.

**WHEREFORE,** the Plaintiff demands the following relief on all Counts:

A. Back pay;

B. Front pay;

C.   Actual, Compensatory, Liquidated and Punitive Damages;

D.   Future pecuniary losses;

E.   Emotional pain and suffering;

F.   Inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

G.   Reasonable costs and expenses herein, including reasonable attorney's fees; and,

H. Any and all further relief that the Court deems necessary and proper to effect justice in this cause.

_____*s/Lateefah Muhammad*_____
Lateefah Muhammad (*Ala. Code* MUHOOl)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997 telephone/facsimile
lateefahmuhammad@aol.com

The Plaintiff demands a trial by jury on all issues so triable.

_____***s/Lateefah Muhammad***_____
Lateefah Muhammad


## CERTIFICATE OF SERVICE

I hereby certify that on 6 June 2008, I electronically filed the foregoing Plaintiff's Amended Complaint with the Clerk of the Court and notification of such filing will be sent to the following: Jennifer L. Jordan, Esquire, attorney for Defendant.

_____***s/Lateefah Muhammad***_____
Lateefah Muhammad

# ATTACHMENT

## Verification of
## Philip Tucker

**STATE OF ALABAMA** )
)
**MACON COUNTY** )

### VERIFICATION

Before me, a Notary Public in and for said County in said State, personally appeared, Philip Tucker, who, being first duly sworn, makes oath that he has read the foregoing Amended Complaint in *Tucker v. Benteler Automotive, Inc.,* and knows the contents thereof, and that he, informed and believed, and upon such information and belief, averred that the facts alleged are true and correct to the best of his knowledge.

_____
Philip Tucker
330 Lee Road 175
Salem, Alabama 36874

SWORN TO AND SUBSCRIBED BEFORE ME this _____**6**_th_____ day
of _____June_____, 2008.

_____
Notary Public

My Commission expires: 12/03/08

_____
Lateefah Muhammad
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone/facsimile
lateefahmuhammad@aol.com

# ATTACHMENT

Dismissal and Notice of Rights
9 January 2007

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Phillip Tucker
112 North 14th Avenue
Lanett, Alabama 36863

From: Birmingham District Office
1130 22nd Street, South
Birmingham, Alabama 35205

[  ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 05049 | Glenda M. Matthews, Investigator | (205) 212-2138 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]  While reasonable efforts were made to locate you, we were not able to do so.

[  ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the
Commission

*Delner Franklin-Thomas*

**9 JAN 2007**

Enclosure(s)

Delner Franklin-Thomas, District Director

*(Date Mailed)*

cc:   Janice Spears-Tuck
2735 Office Park Circle
Montgomery, Alabama 36116-1143

Peter J. Kok
P. O. Box 306
Grand Rapids, Michigan 49501-0306

# ATTACHMENT

**Dismissal and Notice of Rights
1 May 2008**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Philip Tucker**
**c/o Attorney Lateefa Muhammad**
**P. O. Box 1096**
**Tuskegee, AL 36087**

From:  **Birmingham District Office - 420**
**Ridge Park Place**
**1130 22nd Street, South**
**Birmingham, AL 35205**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2008-00118** | **Glenn Todd, Investigator** | **(205) 212-2031** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Beverly B. Hinton for*

**Delner Franklin-Thomas**
**District Director**

1 MAY 2008

*(Date Mailed)*

Enclosure(s)

cc: **Jennifer L. Jordan**
**Attorney at Law**
**Miller Johnson**
**P. O. Box 306**
**Grand Rapids, MI 49501-0306**