**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

June 27, 2008

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style:**   Tucker v. Benteler Automotive Alabama, Inc.

**Case Number:**   3:07-cv-00298-WHA

**This Notice of Correction was filed in the referenced case this date to correct the PDF document previously attached by E-Filer to include the certificate of service.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 38  filed on   June 26, 2008.**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PHILIP L. TUCKER,

       Plaintiff,                      Case No. 3:07-CV-298-WHA

vs.                                      HONORABLE W. Harold Albritton, III
                                              U. S. District Court Judge
BENTELER AUTOMOTIVE
ALABAMA, INC.,

       Defendant.

_____

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Benteler Automotive Alabama, Inc., answers Plaintiff's Amended Complaint as follows:

1. Pursuant to the Court's Revised Scheduling Order (Doc. #34), and the Court's Order requiring the Amended Complaint conform to M.D. Ala. LR 15.1 (Doc. #36), the Plaintiff hereby files this Amended Complaint against the named Defendant. The Plaintiff resides at 112 North 14th Avenue, Lanett, Alabama 36863, and has resided there for more than six months. He is over the age of nineteen years.

**ANSWER:** **Neither admitted nor denied for this Defendant is without sufficient information upon which to base an answer. In further answer, Defendant admits, upon information and belief, that Plaintiff is over the age of nineteen years.**

2. The Defendant is Benteler Automotive Alabama, Inc. The principal office of the named Defendant is 1780 Pond Run, Auburn Hills, Michigan 48326.

**ANSWER:** **Admitted.**

3. The Defendant is in the automotive industry and conducts business in that regard in Opelika, Lee County, Alabama at Benteler Automotive, 4401 North Park Drive, Opelika, Alabama 36801. The Defendant employs approximately 200 individuals.

**ANSWER:** **Admitted that Defendant conducts business in Opelika, Lee County, Alabama. In further answer, Defendant states that it employs approximately 250 employees.**

4. This action is brought pursuant to alleged violations of Title VII of the Civil Rights Act, as amended. Jurisdiction is founded upon 42 U.S.C. §§2000e, et seg.

**ANSWER:** **The allegations contained in paragraph 4 of Plaintiff's Amended Complaint call for a legal conclusion and thus no answer is required. To the extent that an answer is required, Defendant denies that it has violated Title VII of the Civil Rights Act, as amended. However, subject to its defenses, Defendant does not contest jurisdiction with this Court.**

5. The Plaintiff, Philip Tucker, ("Tucker''), is an African American male and is an employee of the Defendant in their Opelika, Alabama plant. He was initially hired on 1 November 2005, as a temporary employee in the position of Quality Inspector. Tucker is currently a full-time employee of the company as Quality Inspector. The Defendant, Benteler Automotive Alabama, Inc., ("Benteler") is an auto industry employer that employs workers who build auto body parts for BMW and Mercedes Benz. It opened its Opelika plant in 2004.

**ANSWER:** **Defendant admits, upon information and belief, that Plaintiff is an African American male. Defendant admits that Plaintiff is an employee of Defendant at its Opelika, Alabama facility. Defendant admits that Plaintiff was hired on November 1, 2005,**

**as a machine operator. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 5 of Plaintiff's Amended Complaint.**

      6.     Tucker alleges in this Amended Complaint that Benteler has discriminated against him in its hiring process and employment practices based upon his race. He alleges that Benteler, by and through members of management, while working in the line and scope of their employment for the Defendant, subjected him to denials without cause and has been targeted because of his race. Tucker also alleges in this Amended Complaint that Benteler has discriminated against him its hiring process and employment practices because he filed a discrimination complaint against the Defendant. Further, Tucker alleges that Benteler, by and through members of management, while working in the line and scope of their employment for Benteler, retaliated against and harassed him because he filed a discrimination complaint against Benteler.

**ANSWER:    Defendant denies paragraph 6 of Plaintiff's Amended Complaint.**

      7.     Tucker alleges that he applied for several positions that became open at the Defendant's plant in Opelika between November 2005 and June 2006. In each instance, Benteler denied him the position, and instead, hired and/or promoted a White person.

**ANSWER:    Defendant admits that Plaintiff has applied unsuccessfully for positions at its Opelika facility. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 7 of Plaintiff's Amended Complaint.**

      8.     In November 2005, a white female secretary was promoted to the position of Human Resources Manager. Tucker avers that he was more qualified for the position, however, Benteler not only did not consider him for it, the Defendant did not allow Tucker to even apply for the position.

3

**ANSWER:** **Defendant admits that a white female was promoted to the position of Human Resources Manager. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 8 of Plaintiff's Amended Complaint.**

9. Further, in November 2005, a position of Human Resources Associate (Generalist) position was open for hire. This time a white male was hired to fill the position. Again, Tucker avers that he was qualified for the position, however, Benteler did not allow him to even apply for the position.

**ANSWER:** **Defendant admits that it filled a Human Resources Generalist position in November of 2005 and that the position was filled by a white male. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 9 of Plaintiff's Amended Complaint.**

10. Still further, in January 2006, Tucker submits that he attempted to apply for another Human Resources Associate (Generalist) position that posted as open on the internet. He was unable to apply online as posted. Upon contacting the Human Resource Director about the position, Tucker avers that he was told that he could not apply for the position because it was being placed on hold. Contrary to that, Tucker submits that the Human Resource Manager informed him that the position was open, along with numerous other positions.

**ANSWER:** **Defendant admits that on or about January, 2006, it decided not to fill a previously-posted Human Resources Associate position in its Opelika facility. Defendant admits, on information and belief, that this information was communicated to Plaintiff. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 10 of Plaintiff's Amended Complaint.**

11. In February 2006, a white male worker, without quality experience, was promoted over Tucker as Tucker's supervisor. While serving as Lead Quality Inspector and as the only permanent employee in his area, Tucker was moved from the first shift to the third shift when he complained to management about the lesser experienced worker being promoted over him. Tucker avers that none of the White employees, who were all non-permanent employees, were moved to the third shift. Tucker avers that this is both discriminatory and retaliatory conduct by Benteler.

**ANSWER:** **Defendant denies paragraph 11 of Plaintiff's Amended Complaint.**

12. Further still, in March 2006, when Tucker was finally allowed, he applied for a Quality Auditor position for which he was qualified. Tucker avers that Benteler promoted a white male Machine Operator into the position. The person promoted did not have any quality assurance experience as did Tucker.

**ANSWER:** **Defendant admits that Plaintiff was one of multiple applicants for a job bid posted for Quality Auditors on or about late March of 2006. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 12 of Plaintiff's Amended Complaint.**

13. Tucker further avers that in June 2006, three (3) Quality Auditor positions became open. He applied for two (2) Quality Auditor positions. Tucker further avers that he was qualified for both positions. Instead of promoting him, Benteler promoted two (2) White welders in both positions, neither of whom had quality experience as did Tucker.

**ANSWER:** **Defendant admits that on or about June 19, 2006, Quality Auditor positions were posted and Plaintiff applied. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 13 of Plaintiff's Amended Complaint.**

14. Because of the willful, gross and oppressive conduct of the Defendant, Tucker claims punitive damages of Benteler.

**ANSWER:** **Defendant denies paragraph 14 of Plaintiff's Amended Complaint.**

15. Tucker demands judgment against Benteler for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses, attorney's fees, interest and costs.

**ANSWER:** **Defendant denies paragraph 15 of Plaintiff's Amended Complaint.**

16. Tucker alleges that he applied for several positions that became open at Benteler's plant in Opelika between August 2007 and September 2007. Benteler denied Tucker the positions, and instead, hired and/or promoted persons of the Caucasian race. In some instances, Caucasians were given the opportunity to apply for the position without the position being posted in the plant as required by plant rules. In each instance, Tucker alleges that he was discriminated against because of his race and because he filed a discriminatory complaint with the Equal Employment Opportunity Commission on 7 September 2006 and this legal action alleging racial discrimination on 9 April 2007 against Benteler.

**ANSWER:** **Defendant admits that Plaintiff has applied for some positions at Benteler's Opelika facility. Defendant further admits that it does not post all positions, nor is it required to by its policies. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 16 of Plaintiff's Amended Complaint.**

17. In August 2007, a white female temporary employee was given the opportunity to apply for the position of control document person after only having been with Benteler for about three months. For about a year before Benteler employed this white female as a temporary employee, Tucker contends that he and another permanent employee had performed

6

the duties of the position with the exception of computer information input. Neither of the two permanent employees were offered the opportunity to apply for the position Tucker contends Benteler did not post the announcement of the position in the plant or on the internet to indicate its availability. Benteler hired the white female into the position.

**ANSWER:** **Defendant admits that on or about August of 2007, it hired a white female temporary employee into the position of control document person. Defendant further admits that the job was not posted, nor did Benteler's policies require that it be posted. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 17 of Plaintiff's Amended Complaint.**

18. Again in August 2007, a white male employee was promoted into the position of production supervisor with Benteler's BMW line. This white male employee had neither the qualifications specified in the job announcement nor did he have the requisite experience. Matter of fact, Tucker avers that the white male employee was initially hired as a general laborer without even a high school diploma. Benteler promoted the white male employee to the position without posting the availability of the position on the internet or in the plant.

**ANSWER:** **Defendant admits that on or about August of 2007, it promoted a white male to the position of Team Leader on its BMW line. Defendant further admits that the job was not posted, nor did Benteler's policies require that it be posted. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 18 of Plaintiff's Amended Complaint.**

19. Still further, in September 2007, Tucker avers that a white male employee was promoted from supervisor to quality engineer while he had none of the qualifications

specified in the job announcement. That the qualifications required a bachelor's degree in a related field, a minimum of two-to-three years manufacturing and quality engineering experience, including experience with TS 16949 and ISO requirement, knowledge of SPC, APQP and control plans. Tucker avers that he applied for the position the month before and was never given a reason why he was not selected for even an interview let alone the position. The Plaintiff avers that he was more qualified for the position than the white male employee. Tucker further avers that the white male employee did not have a bachelor's degree, or the knowledge of ISO, SPC, APQP or control plans.

**ANSWER:** **Defendant admits that on or about September of 2007, it promoted a white male employee from the position of Team Leader to that of Quality Engineer. Defendant admits that Plaintiff applied for the position. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 19 of Plaintiff's Amended Complaint.**

20. Because of the willful, gross and oppressive conduct of the Defendant, Tucker claims punitive damages of Benteler.

**ANSWER:** **Defendant denies paragraph 20 of Plaintiff's Amended Complaint.**

21. Tucker demands judgment against Benteler for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses, attorney's fees, interest and costs.

**ANSWER:** **Defendant denies paragraph 21 of Plaintiff's Amended Complaint.**

22. In addition to the discriminatory conduct practiced by Benteler against Tucker after he filed his initial complaint of discrimination, the Plaintiff avers that each of Benteler's acts of discrimination since 7 September 2006 have been in retaliation against him because he filed his complaint of discrimination with the Equal Employment Opportunity

8

Commission on that date. Further, Tucker avers that Benteler has retaliated against him because he filed this legal action alleging racial discrimination on 9 April 2007 against Benteler.

**ANSWER:** **Defendant denies paragraph 22 of Plaintiff's Amended Complaint.**

23. Tucker alleges that he applied for several positions that became open at Benteler's plant in Opelika between August 2007 and September 2007. Benteler denied Tucker the positions, and instead, hired and/or promoted persons of the Caucasian race. In some instances, Caucasians were given the opportunity to apply for the position without the position being posted in the plant as required by plant rules. In each instance, Tucker alleges that he was retaliated against because of his racial discrimination complaint against Benteler.

**ANSWER:** **Defendant admits that Plaintiff has applied for some positions at Benteler's Opelika facility. Defendant further admits that it does not post all positions, nor is it required to by its policies. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 23 of Plaintiff's Amended Complaint.**

24. In August 2007, a white female temporary employee was given the opportunity to apply for the position of control document person after only having been with Benteler for about three months. For about a year before Benteler employed this white female as a temporary employee, Tucker contends that he and another permanent employee had performed the duties of the position with the exception of computer information input. Neither of the two permanent employees were offered the opportunity to apply for the position. Tucker contends Benteler did not post the announcement of the position in the plant or on the internet to indicate its availability. Benteler hired the white female into the position.

**ANSWER:** **Defendant admits that on or about August of 2007, it hired a white female temporary employee into the position of control document person. Defendant further**

9

**admits that the job was not posted, nor did Benteler's policies require that it be posted. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 24 of Plaintiff's Amended Complaint.**

25. Again in August 2007, a white male employee was promoted into the position of production supervisor with Benteler's BMW line. This white male employee had neither the qualifications specified in the job announcement nor did he have the requisite experience. Matter of fact, Tucker avers that the white male employee was initially hired as a general laborer without even a high school diploma. Benteler promoted the white male employee to the position without posting the availability of the position on the internet or in the plant.

**ANSWER:   Defendant admits that on or about August of 2007, it promoted a white male to the position of Team Leader on its BMW line. Defendant further admits that the job was not posted, nor did Benteler's policies require that it be posted. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 25 of Plaintiff's Amended Complaint.**

26. Still further, in September 2007, a white male employee was promoted from supervisor to quality engineer while he had none of the qualifications specified in the job announcement. The qualifications required a bachelor's degree in a related field, a minimum of two-to-three years manufacturing and quality engineering experience, including experience with TS 16949 and ISO requirement, knowledge of SPC, APQP and control plans. Tucker avers that he applied for the position the month before and was never given a reason why he was not selected for even an interview let alone the position. The Plaintiff avers that he was more qualified for the position than the white male employee. Tucker further avers that the white male

employee did not have a bachelor's degree, or the knowledge of ISO, SPC, APQP or control plans.

**ANSWER:** **Defendant admits that on or about September of 2007, it promoted a white male employee from the position of Team Leader to that of Quality Engineer. Defendant admits that Plaintiff applied for the position. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 26 of Plaintiff's Amended Complaint.**

27. Tucker further avers that he was forced to suffer unnecessary pain, suffering and agony due to an injury he sustained on the job when the Defendant refused him medical attention for over 24 hours. Further, Tucker avers that the Defendant subjected the Plaintiff to having his photograph taken while he was on the job without his permission.

**ANSWER:** **Defendant denies paragraph 27 of Plaintiff's Amended Complaint.**

28. Further still, Tucker avers that his manager informed the Plaintiff that he should be "sending out resumes because no matter what you apply for at Benteler, it's not going to happen for you because they have built up a hate for you and it's not going to get any better for you."

**ANSWER:** **Defendant denies paragraph 28 of Plaintiff's Amended Complaint.**

29. Still further, Tucker contends that Benteler retaliated against him by denying him a pay increase when he should have received it. That Benteler unlawfully withheld his pay increase for well over a year, causing Tucker to lose benefits and income that lawfully belonged to be him. Tucker avers that he was stripped of the pay increase by Benteler and when he inquired about it, that he was told that "this is the way it is going to be."

**ANSWER:** **Defendant denies paragraph 29 of Plaintiff's Amended Complaint.**

30. Because of the willful, gross and oppressive conduct of the Defendant, Tucker claims punitive damages of Benteler.

**ANSWER:** **Defendant denies paragraph 30 of Plaintiff's Amended Complaint.**

31. Tucker demands judgment against Benteler for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses, attorney's fees, interest and costs.

**ANSWER:** **Defendant denies paragraph 31 of Plaintiff's Amended Complaint.**

32. The Plaintiff further avers that he has been subjected to harassment by the Defendant. On 26 May 2007, Tucker avers that he was on the job when the plant manager was standing over him and said angrily, "Is your name Philip Tucker?" Tucker further avers that the manager told a supervisor in the Plaintiff's presence to get Tucker out of the building, that he did not want the Plaintiff in there. As Tucker was preparing to leave, he inquired whether he could confer with the manager about the situation. Tucker avers that the manager told him that he knew about the legal issues that Tucker had against the plant and that he did not "give a damn." That he would "still fire you." When Tucker tried to explain his perspective, Tucker avers that the manager told him he did not want to hear it. That "you can't shit a bull shitter." Upon telling the manager that he was not trying to do that, Tucker avers that the manager responded "if it looks like shit, and smells like shit, it probably is shit." Tucker avers that the manager's comments were harassing, embarrassing, very offensive and unprofessional.

**ANSWER:** **Defendant denies paragraph 32 of Plaintiff's Amended Complaint.**

33. Because of the willful, gross and oppressive conduct of the Defendant, Tucker claims punitive damages of Benteler.

**ANSWER:** **Defendant denies paragraph 33 of Plaintiff's Amended Complaint.**

34. Tucker demands judgment against Benteler for actual, compensatory, and future damages, which the jury may find just and reasonable, plus where applicable litigation expenses, attorney's fees, interest and costs.

**ANSWER:** **Defendant denies paragraph 34 of Plaintiff's Amended Complaint.**

35. Plaintiff further alleges that no white employee was ever treated the way he was treated in these instances as indicated above, and that in each instance as shown, he was discriminated against, retaliated against and harassed because of his race and because he filed a complaint of discrimination against Benteler.

**ANSWER:** **Defendant denies paragraph 35 of Plaintiff's Amended Complaint.**

36. Tucker avers that he is a member of the African American race (Black), that he performs his job satisfactorily, that he has suffered denials, loss of additional benefits, and the loss of additional income, and that all of the circumstances involved in this matter that give rise to an inference of discrimination.

**ANSWER:** **Defendant admits, on information and belief, that Plaintiff is African American. Defendant denies all remaining and/or inconsistent allegations in paragraph 36 of Plaintiff's Amended Complaint.**

37. Tucker further avers that Benteler's conduct constitutes discrimination, retaliation and harassment, and that its conduct was willful and reckless.

**ANSWER:** **Defendant denies paragraph 37 of Plaintiff's Amended Complaint.**

38. Tucker avers that, among those who discriminated and retaliated against and harassed him, are Alison Conti Stelmok, human resources director, a white female employee, Phil Kenney, operations manager, a white male employee, Vernon Steen, plant manager, a white male employee.

**ANSWER:** **Defendant denies paragraph 38 of Plaintiff's Amended Complaint.**

39. Tucker avers that he filed charges with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct, including racial discrimination, retaliation and harassment, on or about the 7th day of September, 2007 (*sic*) and again on or about the 2nd day of October, 2007. That he has attached a copy of each of the Notices of Right-to-Sue Letter issued by the Equal Employment Opportunity Commission, dated the 9th day of January, 2007 and the 1st day of May, 2008, respectively. That said letters were received on or about the 11th day of January, 2007 and the 5th day of May, 2008, respectively.

**ANSWER:** **Plaintiff's allegation that he filed a charge with the Equal Employment Opportunity Commission on or about September 7, 2007 is denied. Plaintiff's allegation that he filed a charge with the Equal Employment Opportunity Commission on or about October 2, 2007, and that he received Right-to-Sue letters issued by the Equal Employment Opportunity Commission on January 11, 2007, and May 5, 2008, respectively, are neither admitted nor denied for the reason that Defendant is without sufficient information upon which to base an answer. Defendant admits that the Equal Employment Opportunity Commission issued Dismissals and Right-to-Sue letters to Plaintiff on January 9, 2007, and May 1, 2008, because the EEOC, after two investigations, did not find reasonable cause to believe that any statute was violated with respect to either charge. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 39 of Plaintiff's Amended Complaint.**

40. The Plaintiff has also verified this Amended Complaint as shown in the attachment.

**ANSWER:** **The attachment to Plaintiff's Amended Complaint speaks for itself. Defendant denies all remaining and/or inconsistent allegations contained in paragraph 40 of Plaintiff's Amended Complaint.**

WHEREFORE, Defendant requests this cause of action be dismissed and it be awarded costs, interest and attorney's fees as the court may tax.

|  |  |
|---|---|
|  | MILLER JOHNSON |
|  | Attorneys for Defendant, Benteler Automotive Alabama, Inc. |
|  |  |
|  | /s/ Jennifer L. Jordan |
| Date:   June 26, 2008 | Jennifer L. Jordan, admitted *pro hac vice* |
|  | Michigan Code P55832 |
|  | 250 Monroe Ave. N.W., Suite 800 |
|  | P.O. Box 306 |
|  | Grand Rapids, MI  49501-0306 |
|  | (616) 831-1700 |

### AFFIRMATIVE AND OTHER DEFENSES DEFENSES

Defendant, Benteler Automotive Alabama, Inc., by and through its attorneys, states the following affirmative and other defenses to Plaintiff's Amended Complaint:

1.   Plaintiff has failed to state a claim upon which relief may be granted and Defendant is entitled to judgment as a matter of law.

2.   Plaintiff has failed to exhaust administrative remedies with respect to one or all of the claims set forth in the Amended Complaint.

3.   One or more of Plaintiff's claims are barred by the applicable statute of limitations.

4.   Plaintiff has failed to exhaust internal grievance procedures with respect to one or all of the claims set forth in the Amended Complaint.

5. Plaintiff has failed to take all steps reasonably necessary to mitigate his alleged damages. Alternatively, Plaintiff has mitigated his alleged damages in whole or substantial part.

6. Plaintiff has failed to state a claim for exemplary or punitive damages.

7. Plaintiff's demand for punitive damages is subject to all standards and/or limitations regarding the determination and/or enforceability of punitive damages awards arising out of the case of *BMW of North America v. Gore*, 116 S.Ct. 1589 (1996).

8. Plaintiff has failed to comply with all procedural and jurisdictional conditions for bringing suit under Title VII of the Civil Rights Act of 1964.

9. Plaintiff suffered no adverse employment action sufficient to support a claim of race discrimination.

10. Plaintiff suffered no adverse employment action sufficient to support a claim of retaliation.

11. Plaintiff cannot establish that his race was causally connected to any adverse employment action by Defendant.

12. Plaintiff cannot establish that his participation in a protected activity was causally connected to any adverse employment action.

13. Plaintiff has failed to state a claim for hostile environment harassment.

14. The conduct Plaintiff alleges was not sufficiently severe or pervasive to alter the terms and conditions of his employment and/or create a discriminatorily abusive work environment.

15. The conduct alleged to be harassment was not based on Plaintiff's race.

      16.    Defendant reserves the right to assert additional affirmative defenses pending completion of discovery.

                                    MILLER JOHNSON
                                      Attorneys for Defendant, Benteler Automotive
                                      Alabama, Inc.

                                      /s/ Jennifer L. Jordan

Date:   June 26, 2008             Jennifer L. Jordan, admitted *pro hac vice*
                                      Michigan Code P55832
                                      250 Monroe Ave. N.W., Suite 800
                                      P.O. Box 306
                                      Grand Rapids, MI  49501-0306
                                      (616) 831-1700

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 26, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Lee Edmundson Bains, Jr., Theodore Patrick Bell, Peter Sean Fruin, and Lateefah Muhammad.

                                  MILLER JOHNSON
                                  Attorneys for Defendant, Benteler Automotive
                                  Alabama, Inc.

                                  /s/ Jennifer L. Jordan
Date:   June 27, 2008                Jennifer L. Jordan, admitted *pro hac vice*
                                  Michigan Code P55832
                                  250 Monroe Ave. N.W., Suite 800
                                  P.O. Box 306
                                  Grand Rapids, MI  49501-0306
                                  (616) 831-1700